UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN GILLESPIE, | ) | CASE NO. 5:20 CV 1995 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | MEMORANDUM OF OPINION |
| SHERIFF DAVID DOAK, *et al.*, | ) ) | AND ORDER |
| Defendants. | ) ) ) | |

**Background**

This Court entered an order on December 31, 2020, allowing the plaintiff an opportunity to file an amended complaint in this case. (*See* Doc. No. 4.) The Court subsequently granted a motion by the plaintiff for an extension of time, until March 26, 2021, to do so. (*See* Doc. No. 9.) On March 3, 2021, the plaintiff filed an amended complaint (Doc. No. 13-3), which he submitted with a notice of a change of address and a request for additional time to further amend (Doc. No. 13). The plaintiff's amended complaint names a "Doctor" and Sheriff David Doak as the defendants and is now the plaintiff's operative pleading in the case.

In the amended complaint, the plaintiff alleges that when he entered the Portage County Jail in 2019, he had stitches on his leg administered by the Cleveland Clinic's Emergency Department in Twinsburg for a dog bite wound. He alleges "the Defendant/s and the medical staff person[nel]" at the Jail were "were reckless and/or negligent" in providing him care for this wound while he was incarcerated there. (Doc. No. 13-3 at 10.) Specifically, he complains that nurses in the Jail provided him care for his wound in a "construction area" instead of in the medical department, which caused dust and dirt to get into his wound. In addition, he alleges that the Jail's medical staff, apparently under the direction of the "Doctor" he names as a defendant, improperly and incompletely removed his stitches "too soon" in the same construction area despite specific instructions from the Cleveland Clinic that he should be taken there to determine

1

when the stitches should be removed. (*Id.* at 3-4.) The plaintiff alleges that as a result of the improper care he received, his wound worsened and caused him to suffer pain, infection, and permanent scarring.

Contending "the nursing staff's negligence" with respect to his wound subjected him to cruel and unusual punishment in violation of the Eighth Amendment, he seeks $10 million in damages. (*Id*. at 13-14, 29.)

## Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required to dismiss any prisoner complaint seeking redress from a governmental employee that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order to state a claim on which relief may be granted, a prisoner complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals of prisoner complaints under § 1915A). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations . . . are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## Analysis

Upon review, the Court finds that the plaintiff's amended complaint must be dismissed. Even liberally construed, it does not allege facts sufficient to state a plausible federal constitutional claim.

Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth

Amendment's prohibition against cruel and unusual punishment only when it results from "deliberate indifference" to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that his medical condition posed a "substantial risk of serious harm" to him, and, that the defendant in question acted with "deliberate indifference" to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

It is well established that "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. "Deliberate indifference requires more than mere negligence, more even than medical malpractice." *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014). "The defendant must know[] that inmates face a substantial risk of serious harm and disregard[ ] that risk by failing to take reasonable measures to abate it." *Id*., citing *Farmer*, 511 U.S. at 847.

In evaluating an Eighth Amendment deliberate indifference claim, courts "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). Unless the medical treatment a prisoner has received was "so woefully inadequate as to amount to no treatment at all," *Mitchell*, 553 F. App'x at 604, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Here, the plaintiff's amended complaint on its face indicates he received treatment for his wound by medical staff at the Portage County Jail. He alleges he received antibiotics, bandage changes, and that his stitches were removed. (Doc. 13-3 at 7.) Even accepting as true the plaintiff's contention that the care he received was improper and worsened his condition, his allegations at the most suggest claims for negligence and medical malpractice under state tort law

for which the proper forum is state court. *See Estelle*, 429 U.S. at 107. His allegations are insufficient to support plausible federal constitutional claims that the defendants acted with "deliberate indifference."

The plaintiff's amended complaint fails to state a plausible federal claim against Sheriff Doak for the additional reason that he has not alleged facts in it indicating that the Sheriff was personally involved in the conduct that forms the basis of his claims (*i.e.*, in the medical treatment he was provided at the Portage County Jail). Rather, the plaintiff seeks to hold the Sheriff liable solely on the basis of allegations that the Sheriff has overall supervisory authority "as to the way the Portage County Jail is run," including deciding the company to handle the medical needs in the Jail. (Doc. No. 13-3 at 21, 25.) It is well established that liability for constitutional violations cannot be imposed on supervisory officials solely on the basis of *respondeat superior* or the right to control employees. *Griffith v. Franklin County, Kentucky,* 975 F.3d 554, 579 (6th Cir. 2020).

## Conclusion

For all of the foregoing reasons, the plaintiff's amended complaint is dismissed for failure to state a plausible federal claim in accordance with 28 U.S.C. § 1915A.[1] In light of this ruling, the plaintiff's pending motions seeking additional time to file an amended complaint (Doc. Nos. 7 and 13) are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

DATED: March 15, 2021

---

[1] This dismissal is without prejudice to any state law tort claim the plaintiff may properly assert on the alleged facts in state court.